# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM CONSIGLIO, CDCR #H-35969 <br><br> Plaintiff, <br><br> vs. <br><br> K. RODRIGUEZ. Psychologist, <br><br> Defendant. | Civil No. 11cv2667 JAH (RBB) <br><br> **ORDER:** <br><br> **(1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]** <br><br> **AND** <br><br> **(2) DISMISSING CASE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff, a state prisoner proceeding pro se and currently incarcerated at the Richard J. Donovan Correctional Facility in San Diego, California, has filed this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has submitted a certified copy of his Prison Trust Account Statement which the Court construes as Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 3].

/ / /

# I.

## Motion to Proceed IFP

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs. 28 U.S.C. § 1915(a)(2). However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

1    While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his
2 request to proceed IFP, *Andrews*, 398 F.3d at 1119, "[i]n some instances, the district court docket
3 records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under
4 § 1915(g) and therefore counts as a strike." *Id.* at 1120. When applying 28 U.S.C. § 1915(g),
5 however, the court must "conduct a careful evaluation of the order dismissing an action, and
6 other relevant information," before determining that the action "was dismissed because it was
7 frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a
8 strike under § 1915(g)." *Id.* at 1121.

9    The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be
10 granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure
11 12(b)(6).'" *Id.* (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). *Andrews*
12 further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight or
13 importance" or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); *see also*
14 *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual
15 allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an
16 arguable basis in either law or in fact .... [The] term 'frivolous,' when applied to a complaint,
17 embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A
18 case is malicious if it was filed with the intention or desire to harm another." *Andrews*, 398 F.3d
19 at 1121 (quotation and citation omitted).

20                                      **II.**
21                          **Application of 28 U.S.C. § 1915(g)**

22    As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has
23 ascertained that he makes no "plausible allegation" to suggest Plaintiff "faced 'imminent danger
24 of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28
25 U.S.C. § 1915(g)). Therefore, Plaintiff may be barred from proceeding IFP in this action if he
26 has on three prior occasions had civil actions or appeals dismissed as frivolous, malicious or
27 for failing to state a claim. *See* 28 U.S.C. § 1915(g).

28

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Here, the Court takes judicial notice that Plaintiff has had at least three prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

1) *Consiglio v. Przytulski*, Civil Case No. 92-00339 K (S.D. Cal. March 4, 1992) (Order Dismissing Case under 28 U.S.C. 1915(d) [as frivolous or malicious]) (strike one);

2) *Consiglio v. Roache*, Civil Case No. 92-00153 B (BTM) (S. D. Cal. July 2, 1992) (Order Granting Defendant's Motion to Dismiss for Failure to State a Claim) (strike two);

3) *Consiglio v. County of San Diego*, Civil Case No. 92-0572 G (BTM) (S.D. Cal.) (September 4, 1992) (Order Granting Defendant's Motion to Dismiss [for failure to state a claim]) (strike three).

Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

/ / /

/ / /

/ / /

/ / /

## III.
## Conclusion and Order

For the reasons set forth above, the Court hereby **DENIES** Plaintiff's Motion to Proceed IFP [ECF No. 2] pursuant to 28 U.S.C. § 1915(g) and **DISMISSES** this action without prejudice for failure to pay the $350 civil filing fee required by 28 U.S.C. § 1914(a).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: November 23, 2011

**HON. JOHN A. HOUSTON**
United States District Court